IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN WAYS,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES FEDERAL BUREAU OF PRISONS, et al.,<br><br>    Defendants. | 4:25-CV-3213<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on preliminary review of Petitioner John Ways' petition for relief under 28 U.S.C. §§ 2241 and 2243 (filing 1). The petition alleges that he is no longer a federal prisoner but is "presently suffering collateral consequences from Respondents' unlawful failure to provide required identification." Filing 1 at 3. Specifically, he alleges that

> [f]ederal law requires the Bureau of Prisons ("BOP") to assist all inmates approaching release with obtaining valid government identification, including a Social Security card, birth certificate, and a state recognized REAL ID-compliant photo ID. Despite repeated notice, Respondents failed to comply with this mandatory duty, resulting in Petitioner being released without any valid identification.

Filing 1 at 2. Based on that allegation, he's lodged a petition against the BOP, several state and federal officials, Dismas Charities in Omaha along with some unnamed employees of Dismas, and his supervising probation officer. Filing 1.

  There are several problems with his petition, starting with the fact that it's not properly a habeas petition pursuant to §§ 2241 and 2243. It is true that

several courts—including this one in a prior case of the petitioner's—have held that although a prisoner has been released from BOP custody, he may still be in "custody" for habeas purposes if he is serving his term of supervised release (which he is). *Ways v. Allison*, No. 8:24-CV-219, 2024 WL 4906139, at *3 (D. Neb. Nov. 27, 2024); *see also Francis v. Maloney*, 798 F.3d 33, 37 (1st Cir. 2015); *United States v. Dohrmann*, 36 F. App'x 879, 880 (9th Cir. 2002); *cf. Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963); *Bradley v. Fairfax*, 634 F.2d 1126, 1128 (8th Cir. 1980). But this petition isn't challenging that custody.

Simply put, issuing the petitioner an identification card isn't relief cognizable in habeas. A petition under § 2241 must still target conditions that will have a contemporaneous or prospective impact on one's sentence. *Francis*, 798 F.3d at 37; *cf. James v. Outlaw*, 142 F. App'x 274, 275 (8th Cir. 2005). "Conditional writs are not an all-purpose weapon with which federal habeas courts can extort from the respondent custodian forms of relief short of release." *Wilkinson v. Dotson*, 544 U.S. 74, 87 (2005) (Scalia, J., concurring).

The petitioner asserts a few other statutes as grounds for relief, but they fare no better. The substance of the plaintiff's claims relies on 18 U.S.C. § 4042(a)(6)(B) and (C), which provide that the BOP

> shall . . . establish prerelease planning procedures that help prisoners . . . obtain identification, including a social security card, driver's license or other official photo identification, and a birth certificate; and . . . secure such identification . . . prior to release from a sentence to a term of imprisonment in a Federal prison. . . .

But § 4042(a) "provides standards for the BOP, not a private right of action." *Jenkins v. United States*, No. 23-CV-3253, 2024 WL 913342, at *5 (D. Minn. Mar. 4, 2024); *see also, e.g., Harper v. Williford*, 96 F.3d 1526, 1528 (D.C. Cir. 1996); *Chinchello v. Fenton*, 805 F.2d 126, 134 (3d Cir. 1986); *Williams v.*

- 2 -

*United States*, 405 F.2d 951, 954 (9th Cir. 1969); *Dudley v. Kan. City Residential Reentry Ctr.*, No. 11-CV-128, 2011 WL 6000259, at *2 (W.D. Mo. Nov. 30, 2011); *Dudley v. Bureau of Prisons*, No. 09-CV-4024, 2009 WL 1390792, at *2 (D.S.D. May 18, 2009). To the extent it's enforceable, the only cause of action is against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq. Harper*, 96 F.3d at 1528; *Williams*, 405 F.2d at 954. And—even assuming that noncompliance with § 4042(a)(6)(B) and (C) could describe some sort of federal tort claim—the petitioner hasn't alleged compliance with the presentment requirements of that act. *Compare* filing 1 at 3, *with, e.g.*, *Rollo-Carlson as Tr. for Flackus-Carlson v. United States*, 971 F.3d 768, 770 (8th Cir. 2020) (citing 28 U.S.C. § 2675(a)).

For the same reasons, the petitioner's reliance on the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, is without merit. The Declaratory Judgment Act does not provide a means for standing or relief—its operation is procedural only and does not expand the jurisdiction of federal courts. *Yeransian v. B. Riley FBR, Inc.*, 984 F.3d 633, 637 (8th Cir. 2021) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)); *Mitchell v. Dakota Cnty. Soc. Servs.*, 959 F.3d 887, 897 n.2 (8th Cir. 2020).

Nor does the Mandamus Act, 28 U.S.C. § 1361, help. Mandamus is normally limited to enforcement of a "specific, unequivocal command"—"the ordering of a precise, definite act about which an official had no discretion whatever." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (citations and quotations omitted). It "will issue only to compel the performance of a clear nondiscretionary duty." *Pittston Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988); *see also, e.g.*, *Mitchael v. Colvin*, 809 F.3d 1050, 1054 (8th Cir. 2016); *Taylor v. Barnhart*, 399 F.3d 891, 894 (8th Cir. 2005). Section 4042(a) creates no such duty. *See, e.g.*, *Doe v. Kanahele*, 878 F.2d 1438 (9th Cir. 1989); *Gonzalez v. Trate*, No. 23-CV-904, 2024 WL 3818433, at *2 (E.D. Cal. Aug. 14, 2024).

Accordingly, mandamus will not lie.

There is, in fact, nothing to mandate. Section 4042(a)(6)(B) and (C) say that the BOP should establish "prerelease planning procedures" to help prisoners obtain identification "prior to release from a sentence." The problem the statute was intended to solve is that those in prison generally lack access to the kind of basic documents necessary to obtain other forms of identification. *Cf. Gilbert v. United States*, No. 23-CV-2096, 2025 WL 3251063, at *1 (D.D.C. Nov. 21, 2025). But because the petitioner here has already been released, any request for prospective injunctive relief is moot.

In sum, the petitioner's "habeas" petition doesn't pray for habeas relief, and to the extent he attempts to state any other claim, he fails to do so.

IT IS ORDERED:

1. The petition for writ of habeas corpus (filing 1) is dismissed without prejudice.

2. The Court will not enter a certificate of appealability in this matter.

3. A separate judgment will be entered.

Dated this 1st day of December, 2025.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge